IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BERRY SANDERS,                 )
                               )
     Plaintiff,         )
                               )
v.                          )
                               )   No. 09-cv-2281 A/P
WILLIAMS EQUIPMENT & SUPPLY,     )
INC.,                      )
                               )
     Defendant.         )

_____

REPORT AND RECOMMENDATION ON PLAINTIFF'S SECOND MOTION TO AMEND
THE COMPLAINT AND DEFENDANT'S MOTION TO DISMISS

_____

Before the court is plaintiff Berry Sanders's Second Motion to Amend the Complaint, filed September 30, 2009 (D.E. 15), and defendant Williams Equipment & Supply, Inc.'s ("WES") Motion to Dismiss, filed September 1, 2009 (D.E. 7).  These motions were referred to the Magistrate Judge for a report and recommendation. For the reasons below, it is recommended that the Second Motion to Amend the Complaint be granted and that the Motion to Dismiss be denied without prejudice.

Sanders filed a complaint on May 5, 2009, alleging violations of Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-401 et seq., and 42 U.S.C. § 1981.  Although not entirely clear from the complaint, it appears that Sanders claims that during his employment with WES, Dan Forrest, WES's Operations Safety Manager, made discriminatory

remarks about African-American and gay and lesbian employees. Sanders alleges that he reported these remarks to WES's Vice President of Operations, and that two months later, the company terminated him for reporting Forrest's conduct.

WES filed a Motion to Dismiss the complaint under Fed. R. Civ. P. 12(b)(6), arguing that Sanders failed to include the dates that the alleged acts of discrimination occurred and that "Defendant and this Court have no way of ascertaining whether the conduct alleged occurred within the applicable statute of limitations." (D.E. 7 at 2.) On September 30, 2009, Sanders filed a response in opposition to the motion, and on the same day, filed his Second Motion to Amend the Complaint.[1]  In his response, Sanders argues that WES "concealed the discriminatory basis for the adverse employment action" and that, based on this concealment, the statute of limitations should be equitably tolled. (D.E. 16 at 1.)  In his Motion to Amend, Sanders seeks leave of court to file a second amended complaint to allege specifically that he was terminated on November 11, 2006, and that in December of 2008, he learned from another WES employee that WES filled Sanders's position only three days after Sanders was terminated, even though Sanders was informed on November 11 that he was being terminated due to "lack of work." (D.E. 15 at 1.)

---

[1]Sanders previously amended his original complaint to add a jury demand.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its complaint with leave of court, and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are among the reasons that a court may deny leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962). Ordinarily, there must be "at least some significant showing of prejudice to the opponent" before leave to amend will be denied. Moore v. City of Paducah, 790 F.2d 557, 562 (6th Cir. 1986).

Based on the entire record, the court finds no undue delay or bad faith in connection with the Second Motion to Amend, nor would there be any undue prejudice to WES if the amendment were allowed. Although WES argues that the proposed amendment would be futile, the court submits that WES's arguments should be addressed after Sanders files his second amended complaint, at which time WES may renew its motion to dismiss to address the specific allegations in the second amended complaint.

Therefore, it is recommended that the Second Motion to Amend the Complaint be granted and that, should this recommendation be adopted, Sanders be ordered to file his second amended complaint within seven (7) days from the date of that order. As the second

-3-

amended complaint supersedes the amended complaint, it is further recommended that the Motion to Dismiss be denied without prejudice, and that WES be permitted to refile its motion after Sanders files his second amended complaint.   See B & H Medical, L.L.C. v. ABP Admin., Inc., 526 F.3d 257, 267 n.8 (6th Cir. 2008) (citing Drake v. City of Detroit, 266 F. App'x 444, 448 (6th Cir. 2008)) (stating that a prior "complaint is a nullity, because an amended complaint supercedes all prior complaints"); Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 306 (6th Cir. 2000) (stating that "when plaintiff files amended complaint, new complaint supersedes all previous complaints and controls case from that point forward") (citations omitted); Klyce v. Ramirez, No. 87-5176, 1988 WL 74155, at *3 (6th Cir. July 19, 1988) (stating that "an amended pleading supersedes the original, the latter being treated as nonexistent") (citations omitted).

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 26, 2010
Date

## NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).   FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**